# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| SAEED MOHAMMADI and <br> FATEMEH ASSANGARI, <br>     Plaintiffs, <br> v. <br> EMC MORTGAGE CORPORATION, <br> US BANK, Trustee, <br> Bear Stearns Asset Backed Certificate <br> Series I, LLC 2006-AC2, and <br> EQUITY TRUSTEES, LLC, <br>     Defendants. | Case No. 1:12-cv-00221-CMH-JFA |

## US BANK'S OPPOSITION TO MOTION TO REMAND

Defendant US Bank, Trustee, Bear Stearns Asset Backed Certificate Series I, LLC 2006-AC2 ("US Bank"), by its undersigned counsel, files this Opposition to the Motion to Remand filed by Plaintiffs Saeed Mohammadi and Fatemeh Assangari ("Plaintiffs").

## INTRODUCTION

Following their default on their loan obligation, Plaintiffs filed a lawsuit in which they seek to shift the blame for their failure to pay onto Defendants US Bank, EMC Mortgage Corporation ("EMC") and Equity Trustees, LLC ("Equity"). In their Motion to Remand, Plaintiffs contend that Equity is a proper defendant and the amount in controversy has not been satisfied. The strongest support for the fact that Equity has been fraudulently joined in this suit comes from Plaintiffs themselves: Plaintiffs filed a nearly identical complaint only months earlier, seeking the same relief and raising the same allegations, *without* including Equity as a defendant. Additionally, all of the forms of relief sought by Plaintiffs in the instant Complaint –

while their claims are meritless and no relief is warranted, as set forth in US Bank's motion to dismiss and supporting memorandum – can be obtained from US Bank or EMC Mortgage Corporation,[1] and no possible viable claim under Virginia law exists against Equity. Plaintiffs' arguments about the amount of controversy are inconsistent with their own claims and assertions, as well as the case law. Accordingly, diversity jurisdiction is proper, and the Motion to Remand should be denied.

## ARGUMENT

**I. EQUITY HAS BEEN FRAUDULENTLY JOINED.**

Under the fraudulent joinder doctrine, a district court may have diversity jurisdiction over a case even if the plaintiff has named a non-diverse defendant. *See, e.g.*, *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). As this Court has held, "the test for fraudulent joinder, therefore, is whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (citation omitted). "When determining a substitute trustee's status for diversity purposes, the Court should consider 'the nature of the actions taken by the trustee, if any, and the type of relief sought against the trustee, if any.'" *McInnis v. BAC Home Loan Servicing, LP*, No. 2:11cv468, 2012 U.S. Dist. LEXIS 13653, at *13 (E.D. Va. Jan. 13, 2012) (quoting *Sherman v. Litton Loan Servicing*, 796 F. Supp. 2d 753, 760 (E.D. Va. 2011)).[2] Plaintiffs contend that they have alleged a valid claim against Equity, but the same arguments now advanced by Plaintiffs were presented, by the same counsel, only months ago in *Munoz v. BAC Home Servicing, LP*, No. 1:11-cv-00582 (E.D. Va.) –

---

[1] As of today, Plaintiffs still have not yet served EMC.
[2] Copies of all unpublished cases cited herein are attached as Exhibit A.

and they were squarely rejected. Indeed, not only did the Court deny the motion to remand, but it dismissed the substitute trustee from the case entirely. *See id.*, D.E. Nos. 13-15 (July 15, 2011). The same result should obtain here.

As an initial matter, Plaintiffs' refiling of their complaint only weeks after their voluntary dismissal following US Bank and EMC's removal of the prior complaint – but this time including Equity as a defendant – should be examined closely by the Court. *See, e.g.*, *Mayes*, 198 F.3d at 463 ("Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, *district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction*.") (emphasis added) (citing *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990)). Moreover, Plaintiffs nominally added Equity as a defendant, but their Complaint only even mentions Equity in *two* paragraphs, both of which describe actions Equity took on behalf of EMC, as US Bank's servicing agent. *See* Compl.¶¶ 40-41 (describing a letter from Equity in which it stated it was instructed by EMC to foreclose and enclosed an appointment of substitute trustee, executed by EMC, as agent for US Bank). Indeed, even the lone paragraph describing the alleged basis for a wrongful foreclosure claim against Equity makes clear that Plaintiffs' claims truly lie against EMC and/or US Bank:

> Defendant Equity took orders from EMC, created, prepared and executed documents for EMC to create the appearance of authority for US Bank to appoint Equity as substitute trustee and invoke the power of sale, when in fact, these orders were coming from EMC, not through US Bank, and Equity was aware of this fact.

*Id.* ¶ 53. These sparse and conclusory claims belie Plaintiffs' contention in their Motion that they have made "extensive factual and legal allegations against the trustee and have sought specific relief from Equity…." Mot. to Remand at 5.

3

In considering the relief sought, Plaintiffs request that the foreclosure be rescinded, that the Trustees' Deed "and all other unauthorized documents" be struck from the land records, and that "these Defendants" be ordered to pay compensatory and punitive damages. *See* Compl. ¶ 53. None of the relief sought or liability alleged relates to or can be had from Equity; as the substitute trustee, Equity has no interest in the disputed property and acted only according to the loan beneficiary's instructions. *See* Substitute Trustee's Deed, recorded Mar. 31, 2011, conveying property from Plaintiffs to US Bank (attached as Ex. B). Even Plaintiffs' own allegations make clear that Equity acted at the direction of and for the benefit of EMC and US Bank, as it was required to do in accordance with the Deed of Trust and Virginia law. *See Warner v. Clementson*, 492 S.E.2d 655, 657 (Va. 1997) (a Virginia trustee's "powers and duties . . . are limited and defined by the instrument under which he acts") (quoting *Powell v. Adams*, 18 S.E.2d 261, 262-63 (Va. 1942)). Accordingly, under well-settled Virginia law, Plaintiffs could not possibly recover on their theory that Equity wrongfully foreclosed.

It should be noted that Plaintiffs have brought a claim against Equity not for breach of fiduciary duty, but rather only for its "role," as scarcely described in the Complaint, in the alleged wrongful foreclosure. Nonetheless, in the event that the undercurrent of Plaintiffs' claim against Equity concerns supposed independent, affirmative duties as trustee to question the appointment documents or EMC's role, such allegations are without basis in the loan documents or the case law. In Virginia, a trustee's duties are sharply circumscribed by the terms of the deed of trust and Virginia law. *See Fleet Fin. v. Burke & Herbert Bank & Trust*, 27 Va. Cir. 98, 1992 Va. Cir. LEXIS 146, at *7 (Va. Cir. Ct. Jan. 28, 1992) ("Virginia law does not impose fiduciary duties on trustees beyond those duties owed to the parties under the deed of trust."); *Horvath v. Bank of N.Y.*, No. 1:09-cv-01129 (AJT/TCB), 2010 U.S. Dist. LEXIS 19965, at **4-5

(E.D. Va. Jan. 29, 2010) (dismissing claims that trustee failed to perform "reasonable due diligence" and "remain impartial" because "[u]nder Virginia law . . . a trustee under a deed of trust has no such duty of diligence, and trustees only owe duties listed in the deed of trust"), *aff'd*, 641 F.3d 617 (4th Cir. 2011); *Carter v. Countrywide Home Loans, Inc.*, No. 3:07CV651, 2008 U.S. Dist. LEXIS 67014, at *30 (E.D. Va. Sept. 3, 2008) (dismissing breach of fiduciary duty claim against trustee when it "fail[ed] to set forth any fiduciary duties arising pursuant to the deed of trust").

In this case, Equity did only what the Deed of Trust explicitly stated that the trustee would do in the event of the borrower's uncured default: institute foreclosure proceedings at the loan beneficiary's request. *See* Deed of Trust, Compl., Ex. B ¶ 22 (describing powers and duties of trustee respecting sale of property). Plaintiffs fail to explain how the remedy they seek – striking the substitution of trustee from the land records and rescinding the foreclosure – may be recovered from *Equity*; rather, recovery would be against the loan beneficiary, who has the right under the Deed of Trust to substitute trustees as necessary. *See id.* ¶ 24 ("Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder."). For this reason, courts throughout the nation have determined that trustees like Equity were fraudulently joined in circumstances like these.[3]

---

[3] *See, e.g.*, *Morgan v. Chase Home Finance, LLC*, 306 Fed. App'x 49, 52-53 (5th Cir. 2008) (affirming the denial of a motion to remand, recognizing that "we have rejected the notion "that any mere theoretical possibility of recovery under local law--no matter how remote or fanciful--suffices to preclude removal"); *Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 609-11 (N.D. Tex. 2009); *Wygal v. Litton Loan Servicing, LP*, No. 5:09-cv-00322, 2009 U.S. Dist. LEXIS 73183 (S.D.W. Va. Aug. 18, 2009); *Delgado v. Bank of Am. Corp.*, No. 1:09cv01638 AWI DLB, 2009 U.S. Dist. LEXIS 114220 (E.D. Cal. Nov. 23, 2009); *Schayes v. T.D. Serv. Co.*, No. CV-10-02658-PHX-NVW, 2011 U.S. Dist. LEXIS 50738 (D. Ariz. May 11, 2011) (denying motion to remand and allowing motion for costs); *Hawkins v. Wells Fargo Bank, N.A.*, NO.1:07CV399 LTS-JMR, 2008 U.S. Dist. LEXIS 4667, at * 2 (S.D. Miss. Jan. 23, 2008) ("Because Massey is a substitute trustee on a Mississippi deed of trust, Massey is a nominal party with no interest in the outcome of this litigation.").

Indeed, Equity, as substitute trustee, is merely a nominal party because it only acted as a fiduciary for the deed of trust beneficiary's interest, and it never held any independent interest in the property – even where, as Plaintiffs point to here, Equity was named in the deed of trust. *See, e.g.*, *Andersen v. Homecomings Finance, LLC*, No. 2:11-CV-332-TS, 2011 U.S. Dist. LEXIS 65897, at *14 (D. Utah June 20, 2011) (denying motion to remand and holding that "in accordance with other courts that have considered this same issue, the Court finds that Woodall, as a trustee joined as a party merely because he occupies the position pursuant to a deed of trust, is a nominal party"). Equity recorded the Substitute Trustee's Deed on March 31, 2011; therefore, unlike the substitute trustee in *Payne v. Bank of America, N.A.*, 3:09-cv-00080, 2010 U.S. Dist. LEXIS 12076, at *13 (W.D. Va. Feb. 11, 2010), it holds no property interest. *See id.* (court declined to find substitute trustee fraudulently joined because "to date, there have been no deeds recorded from [the substitute trustee] conveying the Property to HUD or any other entity"). *Wills v. Chesapeake Western Railway Company*, 16 S.E.2d 649, 651 (Va. 1941), another case relied upon by Plaintiffs, similarly is inapposite because in *Wills*, the trustee was accused of selling property without the receiver's permission, misappropriating the proceeds from the sale and then dying, leaving the legitimacy of the sale and transfer in question. Therefore, the *Wills* court held that had the trustee survived, he would have been necessary in the suit to set aside the deed; the facts of the instant case are easily distinguishable because no such grave impropriety is alleged, only that Equity "took orders from" EMC and US Bank.

In fact, in a recent case involving the same counsel who represents Plaintiffs here, Judge Brinkema ruled that MERS and a Virginia substitute trustee were fraudulently joined in a lawsuit in which the plaintiffs, like Plaintiffs here, sought declaratory relief and an order quieting title.

*See Munoz v. BAC Home Servicing, LP*. No. 1:1l-cv-582 (E.D. Va. July 15, 2011). In that case, Judge Brinkema stated at oral argument on the plaintiffs' motion to remand:

> [Q]uite clearly . . . [the substitute trustee and MERS] are essentially fraudulently joined to destroy diversity jurisdiction . . . if you look at the case law that's been established in the Fourth Circuit as well as . . . the cases that are coming out of the state courts, the two parties whom you have named in this case that would destroy diversity, that is, the [substitute] trustee and [] MERS . . . there is just no basis in the law of this circuit on which you can have any claim against those entities and, therefore, that their joinder in this case is fraudulent.

*Id.*, Tr. at 2:15-25 (D.E. 15); *see also id.*, Order (D.E. 14) (denying plaintiffs' motion to remand for reasons stated in court); *Sheppard v. BAC Home Loans Servicing, LP*, NO. 3:11-cv-00062, 2012 U.S. Dist. LEXIS 7654, **5-32 (W.D. Va. Jan. 24, 2012) (denying motion to remand claims for wrongful foreclosure, an order quieting title, and a challenge to the appointment of the substitute trustee, holding that MERS and the substitute trustee were fraudulently joined, and dismissing them from suit). In sum, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Equity, and therefore, the Court should find Equity to be fraudulently joined.

## II. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

Federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). As here, where a complaint does not specify damages, "a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509-10 (D. Md. 2002); *Dash v. FirstPlus Home*

7

*Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489, 497 (M.D.N.C. 2003). Additionally, common sense dictates that Plaintiffs cannot use their pleadings to restrict the Court's jurisdiction, because a court is obligated to grant the damages that are eventually proven, even if those damages are not specifically pled. See FED. R. CIV. P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Finally, the Court fairly may include Plaintiffs' claim for punitive damages in assessing the amount in controversy. *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943).

In evaluating the amount in controversy, the Fourth Circuit "has employed the 'either party approach,' examining the potential pecuniary effect that a judgment would have on either party to the litigation." *Liberty Mut. Fire Ins. Co. v. Hayes*, 122 F.3d 1061 (table), 1997 U.S. App. LEXIS 24207, at *8 (4th Cir. 1997) (citing *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "In applying this test, courts are required to look to the underlying rights and obligations of the litigants to 'calculate the *potential pecuniary impact* of [a] judgment to either party.'" *Wood v. Gen. Dynamics Advanced Info. Sys., Inc.*, No. 1:08CV624, 2009 U.S. Dist. LEXIS 51517, *10 (M.D.N.C. June 17, 2009) (emphasis added and citation omitted).

In their Motion to Remand, Plaintiffs argue that "[t]he value of the property is of no concern when determining the issues presented in the Complaint. The amount of the note when originated is also of no concern…." Mot. to Remand at 6. This contention, however, is in direct conflict with numerous cases concerning the types of claims that Plaintiffs have raised here. Indeed, the only case that Plaintiffs cite, *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940 (E.D. Va. 2010), is easily distinguishable because in *Lee*, "the Plaintiff's lawsuit simply asks the Court to determine whether the Defendant owed the Plaintiff the duty to have, or attempt to have, a face-

8

to-face meeting with him prior to commencing foreclosure." *Id.* at 946. In reaching its conclusion to order a remand, the *Lee* court specifically noted that "[t]his is not a suit to quiet title or even for simple breach of contract…." *Id.* at 947.

Of course, Plaintiffs' claims here seek to remove a cloud on title and seek much more than a face-to-face meeting; Plaintiffs have sought both declaratory relief (Count II), and compensatory *and* punitive damages on their wrongful foreclosure claim (Count I). As to Count II, in an action for declaratory or injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Where a plaintiff files suit seeking an injunction or declaration relating to a foreclosure, the amount in controversy is the value of the property at issue because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Vasquez v. Chase Home Finance, L.L.C.*, No. SA-09-CA-748-FB, 2010 U.S. Dist. LEXIS 48981, at *6 (W.D. Tex. 2010) (citation omitted). "Even if the property at issue has already been sold in foreclosure by the defendant, as is the case here, the property may still be the object of the litigation when the plaintiff sues for injunctive [or declaratory] relief." *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2010 U.S. Dist. LEXIS 113821, at *14 (N.D. Cal. June 29, 2010); *see also Kehoe v. Aurora Loan Services LLC*, No. 3:10-cv-00256-RCJ-RAM, 2010 U.S. Dist. LEXIS 119947, at *10 (D. Nev. Oct. 20, 2010) ("In cases seeking injunctive relief from a foreclosure sale, the value of the property at issue is the object of the litigation for the purposes of determining the amount in controversy. In this matter, Plaintiffs are seeking to undo a non-judicial foreclosure sale in which the property was sold for approximately $981,000. Because the object of the litigation is worth significantly more than $75,000, the amount in controversy requirement has been met and this case was properly removed."). Accordingly, as

US Bank contended in its Notice of Removal, the value of the property – which is the object of the litigation – is directly relevant to the assessment of the amount in controversy.

Plaintiffs deliberately converted their last complaint's breach of contract claim into a claim for wrongful foreclosure, here seeking both compensatory and punitive damages. Federal courts generally "have used two different approaches to determine the amount in controversy in wrongful foreclosure cases. The majority of courts have held that the amount is determined by the fair market value of the property, while other courts have used the amount owed on the mortgage loan." *Rossi v. Suntrust Mortgage, Inc.*, No. 3:11-cv-01045, 2011 U.S. Dist. LEXIS 149376, at **6-7 (M.D. Tenn. Dec. 29, 2011) (denying motion to remand) (citing *Hanley v. OneWest Bank, FSB*, Case No. 11-11355, 2011 U.S. Dist. LEXIS 118859, at **7-8 (E.D. Mich. Oct. 14, 2011) (denying motion to remand)); *see also Meriedeth v. Mae*, No. 11-11866, 2011 U.S. Dist. LEXIS 64406, at *3 (E.D. Mich. June 13, 2011) (denying motion to remand); *Rose v. J.P Morgan Chase, N.A.*, NO. CIV. 2:12-225 WBS CMK, 2012 U.S. Dist. LEXIS 35279, at *6 (E.D. Cal. Mar. 14, 2012) (denying motion to remand and noting that "in foreclosure cases, some courts determine the amount in controversy according to the amount of indebtedness on the loan") (citation omitted). Here, the 2011 annual taxable assessment for the property, according to Loudoun County tax records, is $420,200, and the note was originated in 2005 in the amount of $444,000. *See* Loudoun County Tax Assessment, 10827 Monticello Drive (attached as Ex. C); Note, attached to Complaint as Ex. A. The foreclosure sale price, as demonstrated by Ex. B, was $470,916.78. Accordingly, in considering the measures typically used by courts, as well as the fact that Plaintiffs have sought both compensatory and punitive damages, US Bank has shown by more than a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

## **CONCLUSION**

For the reasons set forth above and in the Notice of Removal, Defendant US Bank respectfully requests that the Court deny Plaintiffs' Motion to Remand.


Date: March 20, 2012				Respectfully submitted,


				    /s/    Lesley Whitcomb Fierst
				Virginia W. Hoptman (VA Bar No. 65655)
				Lesley Whitcomb Fierst (VA Bar No. 79337)
				WOMBLE CARLYLE SANDRIDGE & RICE, LLP
				8065 Leesburg Pike, 4th Floor
				Tysons Corner, VA  22182-2738
				Telephone: (703) 790-3310
				Facsimile: (703) 790-2623
				vhoptman@wcsr.com
				lfierst@wcsr.com
				*Counsel for Defendants EMC Mortgage Corporation and US Bank, Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of March, 2012, I electronically filed the foregoing Opposition to Motion to Remand with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christopher E. Brown
R. Michael Smith
Brown, Brown & Brown P.C.
6269 Franconia Road
Alexandria, VA 22310
brownfirm@lawyer.com
*Counsel for Plaintiffs Saeed Mohammadi and Fatemeh Assangari*

Allison Melton
BWW LAW GROUP, LLC
2020 N. 14th Street, Suite 250
Arlington, VA 22201
Telephone: (301) 961-6555 ext. 4040
Facsimile: (703) 657-6458
allison.melton@bww-law.com
*Counsel for Defendants Equity Trustees, LLC*

                        /s/    Lesley Whitcomb Fierst
Virginia W. Hoptman (VA Bar No. 65655)
Lesley Whitcomb Fierst (VA Bar No. 79337)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
8065 Leesburg Pike, 4th Floor
Tysons Corner, VA 22182-2738
Telephone: (703) 790-3310
Facsimile: (703) 790-2623
vhoptman@wcsr.com
lfierst@wcsr.com
*Counsel for Defendants EMC Mortgage Corporation and US Bank, Trustee*